**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOSHUA HARGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-01922-TWP-MJD |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR LEAVE TO FILE OVERSIZE BRIEF**

On December 8, 2016, Plaintiff Joshua Hargrove, by counsel, filed a request for leave to file a 62 page brief in support of his Complaint requesting review and remand of the Commissioner of Social Security Administration's Final Decision.  (Filing No. 15.)  In support of his request, Plaintiff states that the Administrative Record is extensive, his claim for disability is premised on both his physical and psychological conditions, the review of this case is fact sensitive and there are multiple, substantive errors in the ALJ's Decision.  For the reasons stated herein, the motion is granted in part and denied in part.

Rule Local Rule 7.1(e) states that no brief or response may exceed 35 pages (excluding tables of contents, tables of authorities, appendices, and certificates of service) without permission of the court to exceed the page limit.  The standard for allowing an oversized brief is for compelling and extraordinary reasons.  See Local Rule 7-1(e).  Plaintiff has not established such reasons.  The Court has skimmed through the docket in this matter and concludes that the record, while extensive, is not unusual for these types of proceedings.  Nor are Plaintiff's claims so complex and extraordinary that 62 pages of briefing is warranted.

Local Rule 7-1(e) is important as page limits on briefs are imposed to maintain judicial

efficiency and to invoke fairness to opposing parties.

> The pressure of a large complex proceeding puts a premium on good organization and efficient use of time and space, but that is a good thing, not a bad thing. Consolidation allows for consistency in decision-making; it allows the parties and the reviewing court to see the big picture and not to be misled by fragmentation; it saves resources for all concerned.

*Beverly California Corp. v. NLRB*, 227 F.3d 817, 829 (7th Cir. 2000). As in *Beverly*, counsel is "apparently under the misapprehension that more is always better when it comes to briefing." *Id.*[1] Unfortunately, "more" has produced briefing which is tedious to read, and unnecessarily lengthy. The Court recognizes that this motion is unopposed, however, concise briefing is essential to the Court's efficient management of its heavy caseload.

Accordingly, Plaintiff's Motion for Leave to File Oversize Brief (Filing No. 15) is **DENIED in part and GRANTED in part**. Plaintiff's **45 page** limit brief is due by December 28, 2016 and the response and reply deadlines are extended accordingly.

**SO ORDERED.**

Date: 12/9/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana M. de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltawoffice.com

Kathryn Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

---

[1] The Court notes that counsel recently made a similar request in another case, *Stanley v. Colvin* (1-16-cv-1129-TWP-MJD).

2