# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA HARGROVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-01922-TWP-MJD ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

## ENTRY ON PETITION FOR ATTORNEY FEES
## UNDER THE EQUAL ACCESS TO JUSTICE ACT

This matter is before the Court on Plaintiff Joshua Hargrove's ("Hargrove") Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Filing No. 24). Hargrove applied for Social Security Disability Insurance Benefits ("DIB") based on severe physical and mental impairments. After being denied DIB at the administrative level, he petitioned the Court for judicial review (Filing No. 1). On July 25, 2017, the Court adopted the Report and Recommendation of Magistrate Judge Mark J. Dinsmore, reversing the Commissioner of the Social Security Administration's ("Commissioner") denial of Hargrove's application for DIB and remanding his case back to the Social Security Administration for further proceedings (Filing No. 22). Hargrove requests payment under the EAJA for 107.4 billable hours at a rate of $190.00 per hour, for a total of $20,406.00. (Filing No. 25 at 12; Filing No. 24.) For the following reasons, Hargrove's Petition is **granted, in part**.

## I. DISCUSSION

Under 28 U.S.C. § 2412(d)(1)(A), litigants who prevail in a judicial review of a United States government agency action are entitled to an award of attorney fees as long as (1) the

prevailing litigant files a timely petition for attorney fees under the EAJA; (2) the Government's position was not "substantially justified;" and (3) there exist no special circumstances which make an award unjust. In this case, Hargrove asserts (and the Commissioner does not dispute) that he filed a timely petition for attorney fees under the EAJA, the Government's position was not substantially justified, and there exist no special circumstances which make an award of attorney fees unjust (*see* Filing No. 25; Filing No. 29). The Commissioner opposes Hargrove's request on the grounds that (1) the amount of hours requested by Hargrove is unreasonable, (2) the hourly rate requested by Hargrove is too high, and (3) the Court should direct the Commissioner to pay an EAJA award directly to Hargrove rather than to Hargrove's counsel. (Filing No. 29 at 1, 5.) The Court will address each of these issues in turn.

A.      **Reasonableness of Requested Hours**

Only reasonably billed hours may be included in an award of attorney fees under the EAJA. *Hensley v. Eckhart*, 461 U.S. 424, 434 (2011). In exercising its discretion in determining whether requested hours have been reasonably billed, a court should take into account a number of factors, including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party. *Id.* at 434–37. As well, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The applicant for fees bears the burden of submitting evidence which adequately justifies the number of hours claimed. *Id.* at 433.

In this case, Hargrove has requested 107.4 billable hours, which, based on the Court's review[1] of EAJA petitions granted in this District, initially appears to be an unusually high number

---

[1] A sample of cases from Westlaw using the search string "(social security) and (28 U.S.C. 2412) and (hours)," limited to cases from the Southern District of Indiana returned a 33-case sample (44 cases returned, 11 excluded for petition denial, 1 excluded due to difficulty locating the transcript). 2013 WL 2422637, 2016 WL 233613, 2013 WL 6730736, 2017 WL 2502456, 2013 WL 5536207, 2013 WL 1840471, 2014 WL 30029, 2015 WL 5672611, 2014 WL 545897,

of hours billed.  However, the hours do not seem unusually high after considering the size and complexity of this case.

The record in this case was 1,785 pages long ([Filing No. 13](#)).  The Commissioner notes that the Court has commented before that this record was "extensive . . . [but] not unusual." However, the Court did determine that the record was extensive and although the pages were reduced, an oversized brief was allowed.  ([Filing No. 16](#)).  The Court's review of other EAJA petitions in this District revealed that the average record was about 725 pages long—less than half the size of the record in this case—so the record does appear to be relatively long.  Moreover, the number of hours Hargrove is requesting is not unusually high relative to the size of the record. The Court's review of other cases revealed that the average ratio of record size to number of hours requested is about 20 pages per hour, while the ratio of Hargrove's request is only 16 pages per hour.  Finally, Hargrove raised nearly double the number of issues in his brief compared to other plaintiffs in similar cases.  While the Court disposed of the case on only one issue, it was prudent for Hargrove to have made reasonable argument on all grounds. ([Filing No. 21](#)).

The outcome of the case was very favorable for Hargrove.  The Order to remand was issued on a finding that the Administrative Law Judge ("ALJ") omitted facts favorable to Hargrove and made impermissible inferences in his credibility assessment of Hargrove, rather than a mere failure of the ALJ to articulate his reasoning.  *Id. See Bassett v. Astrue*, 641 F.3d 847, 860 (7th Cir. 2011). It is also worth noting that Hargrove's counsel did not represent him at the administrative level and therefore likely needed extra time to familiarize herself with the case ([Filing No. 25 at 11](#)).

---

2013 WL 6858470, 2015 WL 1548955, 2011 WL 5402444, 2014 WL 51369, 2014 WL 30032, 2013 WL 6118697, 2013 WL 2149701, 2013 WL 1869025, 2013 WL 1840404, 2012 WL 1898867, 2012 WL 1633937, 2012 WL 1245792, 2010 WL 4687806, 2010 WL 3528552, 2005 WL 1528097, 2004 WL 1146467.

For the foregoing reasons, the Court concludes that the number of hours expended on this case is reasonable.

**B.     Reasonableness of Hourly Rate**

The EAJA prescribes a maximum hourly rate limit of $125.00 with a cost of living adjustment should the Court find an adjustment appropriate. 28 U.S.C. § 2412(d)(2)(A). As the Seventh Circuit has explained, a cost of living adjustment can be reasonably awarded based on changes in the Consumer Price Index ("CPI"), as its measurements are the product of "considerable experience and effort." *Sprinkle v. Colvin*, 777 F.3d 421, 427 (7th Cir. 2015). If the Government disputes whether a cost of living adjustment is appropriate, the Government may submit evidence to show that the CPI does not accurately measure what has happened in a particular legal market. *Id.* at 428.

Here, Hargrove asserts that a cost of living adjustment is appropriate and requests that the Court adjust the statutory hourly rate up to $190.00. Hargrove substantiates this request with an affidavit from long-time Indianapolis, Indiana attorney Andrew P. Sheff, who asserted that the requested rate is below the prevailing market rate ([Filing No. 24-3](Filing No. 24-3)). The Commissioner does not dispute whether a cost of living adjustment is appropriate, but rather, she argues that the hourly rate requested is too high, and any cost of living adjustment awarded should be based on the Midwest Urban CPI.

While the difference between the rates suggested by the parties is relatively small, the rate requested by Hargrove seems to be arbitrarily chosen between the Midwest urban market and the National market. The EAJA statute specifically prescribes a "cost of living adjustment". 28 U.S.C. § 2412(d)(2)(A). Changes in cost of living can be objectively measured; therefore, the Court prefers to issue cost of living adjustments based on objective measures such as the CPI, as the

Commissioner requests. As well, while the *Sprinkle* court did not specify which of the several CPI measures was appropriate when determining an EAJA cost of living adjustment, the "particular legal market" language the court used suggests a preference for market data on which cost of living adjustments are based to be as local as possible. *Sprinkle*, 777 F.3d at 428. The Midwest Urban CPI narrows its CPI measurement to the Midwest Region, which includes Indiana.[2] Therefore, the Court agrees with the Commissioner that the Midwest Urban CPI is the most appropriate basis for an EAJA cost of living adjustment.

A CPI-based EAJA cost of living adjustment is calculated by determining the percent change in CPI between the date the EAJA was passed (151.7) and the dates the attorney's work was performed (the second half of 2016 and first half of 2017; 227.057 and 229.151, respectively), and then increasing the statutory award by that percent. ([Filing No. 24-2 at 3](#).) Here, the CPI-based cost of living adjustment should increase the statutory hourly rate to $186.32 for work performed in 2016 and $189.41 for work performed in 2017.

**C.      Assignment of EAJA Fee**

While the Supreme Court has held that EAJA fees are payable in the first instance to litigants and not their attorneys, this holding does not preclude prevailing parties from assigning their right to EAJA fees to their attorneys. *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010). As well, the Seventh Circuit has explained that the only ground for the district courts insisting on making the award to the prevailing party rather than to the lawyer to which he has assigned his EAJA award, is that the prevailing party "has debts [to the U.S. Government] that may be prior to what [he] owes [his] lawyer." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011).

---

[2] Bureau of Labor Statistics, *Midwest Information Office*, BLS.GOV (last accessed Feb. 9, 2018), https://www.bls.gov/regions/midwest/home.htm.

Along with his Petition, Hargrove has included a copy of a fee agreement, which assigns any award of EAJA fees to which he may be entitled to The de la Torre Law Office LLC ([Filing No. 24-4](#)). Hargrove asks that the Court award the EAJA fees directly to his attorney of record, offset by the outstanding debt Hargrove owes the U.S. Government, if any. ([Filing No. 25 at 14](#).) This request comports with the law as described in both *Ratliff* and *Mathews-Sheets*; therefore, the Court will award the EAJA fees directly to Hargrove's counsel pursuant to the contractual assignment.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in part** Hargrove's Petition for Attorney Fees under the Equal Access to Justice Act ([Filing No. 24](#)). and awards Hargrove the amount of $20,105.47. The Court **ORDERS** the Commissioner to make this payment to The de la Torre Law Office LLC **within seventy (70) days from the date of this Order**, as requested by Hargrove. If within seventy days of the date of this Order the Commissioner finds evidence that Hargrove owes an outstanding debt to the U.S. Government, the Commissioner may reduce the award by the amount of the debt owed.

**SO ORDERED.**

Date: 2/12/2018

*(signed)* Tanya Walton Pratt
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com